**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Abraham Farr, | No. CV-19-08127-PCT-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Bonnie Jeanene Kendrick, | |
| Respondent. | |

Michael Abraham Farr ("Father") and Bonnie Jeanene Kendrick ("Mother") are the divorced parents of minor children E.G.F. and E.C.F. (collectively, "the children"). On April 29, 2019, Father filed a petition under the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.*, which implements the provisions of the Hague Convention on the Civil Aspects of International Child Abduction. (Doc. 1.) The petition alleges that, in August 2018, Mother improperly removed the children from Mexico, where they had been residing with Father, and took them to live with her in Arizona. (*Id.* at 3-5.) The petition seeks, among other things, "[a] final judgment and order in [Father's] favor directing a prompt return of the minor children . . . to their habitual residence in Mexico." (*Id.* at 14.) The petition also asserts that "Mother *will be* given notice of these proceedings in accordance with 28 U.S.C. § 1738A(e) and A.R.S. §§ 25-1008, -1035(A) and -1059." (*Id.* at 14, emphasis added.)

The Court intends to give this matter expedited consideration. *See generally Lops v. Lops*, 140 F.3d 927, 944 (11th Cir. 1998) ("Article 11 of the Hague Convention

contemplates an immediate emergency hearing in international child abduction cases and a judicial decision within six weeks."); *Martinez-Castaneda v. Haley*, 2013 WL 12106712, *4 (W.D. Tex. 2013) ("The treaty contemplates that a case for the return of a child will be decided expeditiously. After a period of six weeks has passed from the time of filing of the case, the State Department may inquire of the court handling the case to provide reasons for the delay in disposing of the case."). However, before setting a discovery, briefing, and hearing schedule, Father must demonstrate that Mother is aware of the proceedings. *See* 22 U.S.C. § 9003(c) ("Notice of an [ICARA action] shall be given in accordance with the applicable law governing notice in interstate child custody proceedings."); 28 U.S.C. § 1738A(e) ("Before a child custody or visitation determination is made, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated and any person who has physical custody of a child."). The statement in the petition that Mother "will be" given notice does not suffice—Father must submit evidence that notice has, in fact, been provided. *Cf. Ebanks v. Ebanks*, 2007 WL 2591196, *3 (S.D.N.Y. 2007) ("ICARA . . . provides the method for service in Hague Convention proceedings: 'in accordance with the applicable law governing notice in interstate child custody proceedings.' Therefore, Petitioner needed to serve his petition papers upon Respondent in accordance with [state] law."). Accordingly, once Father submits proof that Mother was properly served (the docket reflects that Father already has obtained a summons), the Court will hold a status conference to solicit the parties' input on how to proceed.

Dated this 1st day of May, 2019.

_____
Dominic W. Lanza
United States District Judge