**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Abraham Farr, | No. CV-19-08127-PCT-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Bonnie Jeanene Kendrick, | |
| Respondent. | |

On May 2, 2019, Petitioner Michael Abraham Farr ("Father") filed a motion entitled "Ex Parte Motion for Expedited Hearing and an Order for the Children to Remain in the State of Arizona." (Doc. 7.) Among other things, this motion sought emergency injunctive relief against Respondent Bonnie Jeanene Kendrick ("Mother"). (*Id.*)

On May 3, 2019, the Court issued an order denying Father's motion. (Doc. 9.) This order explained that the Court was construing Father's motion as a request for a temporary restraining order ("TRO") and that Father hadn't established an entitlement to a TRO under the rigorous standards governing such requests. (*Id.* at 2.) Specifically, the order concluded that (1) Father hadn't demonstrated a likelihood of success on the merits of his ICARA claim because the materials attached to the petition suggest the children may be exposed to a grave risk of physical or psychological harm, or otherwise placed in an intolerable situation, if returned to Mexico, and (2) Father hadn't shown a likelihood of irreparable harm in the absence of a TRO because the petition was filed more than eight months after the children were moved to Arizona and Father hadn't presented any argument

or evidence that Mother is likely to flee from the United States, taking the children with her, in the absence of a TRO. (*Id.* at 2-4.)

Now pending before the Court is Father's "Ex Parte Motion for an order for the Children to Remain in the State of Arizona," which was filed on May 4, 2019. (Doc. 10.) This motion reasserts the request for emergency injunctive relief that the Court denied in its May 3, 2019 order. In apparent response to the Court's earlier analysis of the likelihood-of-success factor, the motion states that "[o]n June 28, 2018, the Attorney General's office in Playa del Carmen, Quintana Roo, Mexico ordered that K.M.K.F be returned to Father's custody after reviewing psychological exam results of Father, Mother and K.M.K.F and determining that Father is not a generator of violence and K.M.K.F is not a receiver of violence. The order also stated that Mother was misusing a protective order she had requested in order to prevent Father from seeing their minor children." (*Id.* ¶ 13.) And in apparent response to the Court's earlier analysis of the irreparable-harm factor, the motion states that one of Father's relatives has "provided financial assistance to Mother and made false statements to the U.S. Consulate in order to obtain passports for E.G.F. and E.C.F. which allowed Mother to leave Mexico. [This relative] maintains a residence in Switzerland. He also travels to Africa on a frequent basis. Father's concern is that once [this relative] and Mother receive notice of Father's Petition, [this relative] will arrange for transportation of Mother, E.G.F. and E.C.F. to Switzerland or Africa." (*Id.* ¶ 23.) The motion also states that the eight-month delay in filing suit can be explained by Father's unsuccessful attempts to secure a pro bono attorney through the State Department's attorney referral network. (*Id.* ¶ 24.)

Father's motion will be denied. Although the Court appreciates Father's attempt to bring this additional information to its attention, the new information could have been raised earlier. *See* LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence.").

Additionally, on the merits, the new information doesn't alter the conclusions contained in the May 3 order. Notably, the motion doesn't allege that Mother (or the relative discussed in the motion) has ever threatened to move the children to Switzerland or Africa in response by an effort by Father to assert his custodial rights. Instead, it merely raises the theoretical possibility of such a move.[1] And although the June 2018 investigative findings by the Attorney General's office in Playa del Carmen are helpful to Father's position, it's not clear that the Attorney General's office was aware of the serious allegations contained in the email from Father's relative (which was sent in August 2018) at the time it issued those findings. As previously noted, a TRO "is an extraordinary remedy never awarded as of right" and should "not be granted unless the movant, by a clear showing, carries the burden of persuasion." (Doc. 9 at 2, citations omitted.) Those standards continue to preclude Father's request for emergency injunctive relief.

The Court also notes that, in paragraph 26 of the motion, Father asserts that "[o]n May 1, 2019, the Court issued a summons, but the document was not uploaded to the ECF system and Father has not received an electronic copy of the summons. As a result, Father cannot serve Mother with the Petition." The Court will thus order the Clerk of Court to reissue[2] the summons electronically, so that Father may print it out, arrange for Mother to be served, and then provide proof of service to the Court. As noted in prior orders, the

---

[1] *Compare Morgan v. Morgan*, 289 F. Supp. 2d 1067, 1070 (N.D. Iowa 2003) (granting TRO where father presented evidence that "it is the intention of [mother] to take the child out of Iowa in the very near future; and that if a temporary restraining order is not issued *ex parte*, [mother] will likely flee this jurisdiction with the child upon receiving notice of [father's] intent to seek a temporary restraining order preventing them from doing so"); *Application of McCullough on Behalf of McCullough*, 4 F. Supp. 2d 411, 413 (W.D. Pa. 1998) (granting TRO application where Canadian father presented evidence that mother had recently stated, during a phone call, "that the 'end time' was near and that she and their children would not be returning to Canada. [Father] understood the reference to the 'end time' as a statement which related to his wife's religious beliefs . . . that [her] sect . . . must be ready to flee to Petra, Jordan if and when the church's leader directs. Apparently, adherents believe that only by escaping to Petra will God save them from an apocalyptic event.").

[2] On May 1, 2019, the Clerk of Court processed Father's request for a summons. At that time, Father (who is proceeding *pro se*) did not yet have access to the CM/ECF system. Accordingly, the Clerk mailed a copy of the summons to Father's address in Colorado (which Father provided at the outset of the case) instead of making it available via CM/ECF. Now that Father's request for electronic access has been granted, the reissuance of the summons on CM/ECF will give him the immediate ability to access it.

Court will give this matter expedited consideration once such proof of service is provided.

Accordingly, **IT IS ORDERED** that Father's "Ex Parte Motion for an order for the Children to Remain in the State of Arizona" (Doc. 10) is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall reissue the summons as to Bonnie Jeanene Kendrick and make the reissued summons available via CM/ECF.

Dated this 6th day of May, 2019.

Dominic W. Lanza
United States District Judge