**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Abraham Farr, | No. CV-19-08127-PCT-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Bonnie Jeanene Kendrick, | |
| Respondent. | |

On May 22, 2019, shortly after a status conference was held, pro se Petitioner Michael Farr telephoned the chambers of the undersigned judge to inquire as to whether trial briefs, evidence, or other documentation for the above-captioned case should be emailed to the Court or filed on the docket. Petitioner was told that an order would issue explaining the proper procedure.

Later that day, at 1:41 p.m., the chambers of the undersigned judge received an ex parte[1] email from Petitioner, addressed to the undersigned judge, (1) sharing Google Docs hyperlinks for his "working exhibit list" and "working exhibit folder," (2) asking the Court to pay particular attention to specific exhibits, (3) attaching a "warning letter" sent to Respondent Bonnie Jeanene Kendrick via her counsel, (4) noting a plan to file trial briefs regarding why he "believe[s] it to be important to call [Z.K.] (age 17) as a witness and [K.F.] (age 9) as a potential rebuttal witness," and (5) stating that if he is not permitted to

---
[1] "Ex parte" means "[d]one or made at the instance and for the benefit of one party only, and without notice to, or argument by, any person adversely interested; of or relating to court action taken by one party without notice to the other . . . ." Black's Law Dictionary 616 (8th ed. 2004).

subpoena witnesses in the United States to testify telephonically, "it will be very difficult" for him "to expose all the false statements" Respondent has made, as Petitioner asserts that he does not "have the funds to hire an attorney let alone hire a court reporter for the deposition of all these witnesses." (Email, Exhibit A.)

Ex parte communication between a party and the Court is forbidden, except in a few limited circumstances. Rule 2.9 of the Model Code of Judicial Conduct provides that "[a] judge shall not initiate, permit, or consider ex parte communications" unless one of three exceptions apply. Model Code of Judicial Conduct R. 2.9(A). Two of those exceptions don't apply in this case—when the parties have consented to ex parte judicial conferences to facilitate settlement, *id.* R. 2.9(A)(4), and when a law expressly authorizes ex parte communication, *id.* R. 2.9(A)(5). The third exception is as follows:

> When circumstances require it, ex parte communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted, provided the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication and the judge makes provision promptly to notify all other parties of the substance of the ex parte communication, and gives the parties an opportunity to respond.

*Id.* R. 2.9(A)(1).

Petitioner's ex parte telephone call, for example, falls into this exception. Petitioner asked two administrative questions, no part of the call addressed substantive matters, and the questions were not answered during the call, so there was no possibility that Petitioner could have gained a procedural, substantive, or tactical advantage from the ex parte telephone call. Moreover, because Petitioner was told nothing, there was no need to notify Respondent that the call had been placed.

Petitioner's email, on the other hand, does not fall into this exception. The content of the email was largely substantive, and parts attempted to further Petitioner's case on the merits and/or push for certain desired relief (*e.g.*, permission to call the child witnesses, permission to subpoena witnesses in the United States to testify telephonically). Ex parte communication such as this—in any form, including email, telephone, in person, or other in any other mode—is impermissible. *Id.* R. 2.9(A).

The Rule provides guidance on how the Court must proceed: "If a judge inadvertently receives an unauthorized ex parte communication bearing upon the substance of a matter, the judge shall make provision promptly to notify the parties of the substance of the communication and provide the parties with an opportunity to respond." *Id.* R. 2.9(B). *See also Palmer v. City & County of Denver*, 2019 WL 458910, *3 (D. Colo. 2019) ("[P]laintiff sent a series of *ex parte* communications to the email account of the magistrate judge's chambers. The magistrate judge ordered these improperly submitted documents to be placed on the public docket."); *Peterson v. New Castle Corp.*, 2011 WL 5117884, *3 3 (D. Nev. 2011) ("Plaintiff's counsel submitted a brief to chambers email without any certificate of service on Defendants, and without entering it into the docket. This brief is not only 'blind,' meaning no response is permitted, it is *ex parte*, meaning it is a communication to the Court without knowledge of the adversary. The Court did not mean to invite *ex parte* briefs. The Court will enter the brief into the docket *sua sponte* for the record.").

The body of the email is attached to this Order as Exhibit A. This notifies Respondent of the substance of the communication.[2] The hyperlinks have been redacted because they appear to invite the viewer to review a body of Petitioner's work product, and at any rate, the Court did not click on them, so the content of whatever exists at the destination of those links was not a part of the inadvertently received, unauthorized ex parte communication.

Respondent has the opportunity to respond to the content of the email (see Exhibit A), if desired, by filing a response not to exceed two pages by May 29, 2019.

Accordingly,

**IT IS ORDERED** that neither party may communicate with the Court ex parte, except, if necessary, to inquire about purely procedural, administrative, or emergency matters.

---

[2] The Court understands that Petitioner has already provided Respondent with the letter that was attached to the email to the Court. To the extent he has not done so, Petitioner is ordered to provide her with that letter.

- 3 -

**IT IS FURTHER ORDERED** that Respondent may respond to the content of Petitioner's email (see Exhibit A), if desired, by filing a response not to exceed two pages by May 29, 2019.

Dated this 23rd day of May, 2019.

_____
Dominic W. Lanza
United States District Judge

**EXHIBIT A**

From: mike farr <farrmike@gmail.com>
To: lanza_chambers@azd.uscourts.gov
Date: 05/22/2019 01:41 PM
Subject: Warning Letter and Exhibits

Judge Lanza,

I would like to share my working exhibit list with you. It can be accessed at the following link.

[redacted]

I would also like to share my working exhibit folder. It can be accessed at the following link.

[redacted]

Lastly, I've included a copy of the warning letter that I sent to Ms. Kendrick via Steve Everts.

I plan to follow up with trial briefs in regards to why I believe it to be important to call [Z.K.] (age 17) as a witness and [K.F.] (age 9) as a potential rebuttal witness.

1 | If I cannot subpoena witnesses in the US to testify telephonically, it will be very difficult
2 | for me to expose all the false statements they have made. Do not have the funds to hire an
3 | attorney let alone hire a court reporter for the deposition of all these witnesses.

Sincerely,

Michael F.