**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Abraham Farr, | No. CV-19-08127-PCT-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Bonnie Jeanene Kendrick, | |
| Respondent. | |

Pending before the Court is Petitioner Michael Abraham Farr's ("Father") "Emergency Motion to Transmit Exhibits to the 9th Circuit Court of Appeals." (Doc. 84.) For the following reasons, the motion will be denied.

**BACKGROUND**

This is a proceeding under the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.* It was brought by Father in an attempt to compel his ex-wife, Mother, to return their twin children to Mexico. (Doc. 1.) The Court held a three-day evidentiary hearing on June 12-14, 2019. (Docs. 59, 61, 63.) During this hearing, Mother and Father each offered various exhibits into evidence. (Docs. 66, 67 [exhibit lists].)

On June 21, 2019, the Court issued an order denying Father's petition. (Doc. 72.) That same day, the Clerk of Court entered judgment (Doc. 73) and the Court issued an order requiring the parties to retrieve their exhibits (Doc. 74). Specifically, the exhibit-retrieval order provided that "the exhibits marked and/or admitted in the above-entitled

case are to be returned to the parties/agents of record. The parties/agents are directed to retain custody of the exhibits until the case has been completely terminated, including all appeals." (Doc. 74.) This order further provided that "the parties are to remove the exhibits . . . by July 22, 2019, or the Clerk may destroy or otherwise dispose of those exhibits." (*Id.*)

On June 28, 2019, Father filed a notice of appeal to the Ninth Circuit. (Doc. 76.)

On August 5, 2019, the Court issued another order related to exhibit retrieval. This order began by explaining that, although the parties had previously been told they needed to retrieve their exhibits by July 22, 2019, "[a]s of this date, neither party has arranged to remove their respective exhibits from the custody of the Clerk of Court." (Doc. 83.) Thus, the Court gave the parties another warning: "[T]he parties' marked and/or admitted exhibits will be destroyed by the Clerk of Court on August 12, 2019, unless the parties contact this Court's clerk . . . to arrange for pick up of said exhibits." (*Id.*)

On August 8, 2019, Father filed the motion that is now pending before the Court. (Doc. 84.) It is entitled "Emergency Motion to Transmit Exhibits to the 9th Circuit Court of Appeals." (*Id.*) In its body, it states: "Pursuant to Federal Rule of Civil Procedure 79 'Records Kept by the Clerk' and Local Rule 79.1(b), Petitioner Michael Abraham Farr respectfully requests all nonelectronically submitted exhibits (including compact discs) for both parties be transmitted to the 9th Circuit Court of Appeals." (*Id.*)

Between August 9-12, 2019, Father made several *ex parte* contacts with the Court in which he stated he had arranged for a courier to retrieve his exhibits by the close of business on August 12, 2019. However, as of the morning of August 13, 2019, no courier had contacted the Court.

**DISCUSSION**

Both this Court and the Ninth Circuit have promulgated rules addressing the retention and transmission of exhibits following trial. On the one hand, the advisory committee note to Circuit Rule 27-14 explains that "[t]he parties should be aware that frequently this Court does not have access to trial exhibits because the district courts

typically return them to the parties" and thus suggests that "[t]he parties may consider including portions of relevant documentary exhibits that were admitted and/or offered and excluded in the excerpts of record." Similarly, one of this Court's local rules—LRCiv 79.1(a)—provides that "[a]ll non-electronically submitted exhibits offered by a party in civil or criminal proceedings, whether or not received as evidence, shall be retained after trial by the party or attorney offering the exhibits, unless otherwise ordered by the Court." And another one of this Court's local rules—LRCiv 79.1(c)— provides that "[i]f any party, having received notice from the Clerk concerning the removal of non-electronically submitted exhibits . . . , fails to do so within thirty (30) days from the date of such notice, the Clerk may destroy or otherwise dispose of those exhibits . . . ." All of these authorities are consistent with the approach the Court has followed in this case—the parties must retrieve their exhibits after trial and are responsible for including copies of any important exhibits in their excerpts of record.

On the other hand, Circuit Rule 11-4.2, entitled "Retention of Physical Exhibits in the District Court," provides that "[f]or any exhibits not otherwise available on the electronic district court docket, all physical and documentary exhibits in all cases shall be retained in the district court until the mandate issues unless requested by the Court of Appeals." Although this rule is consistent in some respects with the authorities discussed above—none of them suggest that trial exhibits simply get shipped *en masse* to the Ninth Circuit whenever an appeal has been taken—it is arguably inconsistent with them because it suggests the entity responsible for retaining custody of trial exhibits while an appeal is pending is the district court, not the parties.

Finally, yet another one of this Court's local rules—LRCiv 79.1(b)—provides that "[i]n the event an appeal is prosecuted by any party, each party to the appeal shall promptly file with the Clerk any non-electronically submitted exhibits to be transmitted to the appellate court as part of the record on appeal. Those exhibits not transmitted as part of the record on appeal shall be retained by the parties who shall make them available for use by the appellate court upon request." It is this local rule that provides the basis for Father's

pending motion.

The Court declines to grant Father's motion because it would result in the Clerk of Court shipping all of the exhibits in this matter to the Ninth Circuit, even though the Ninth Circuit hasn't requested them. It seems clear from Circuit Rule 11-4.2 and the advisory committee note to Circuit Rule 27-14 that this isn't the correct outcome—the standard operating procedure on appeal isn't to ship all of the trial exhibits to San Francisco.

The remaining question is what to do with the exhibits. Although there is arguably some tension between Circuit Rule 11-4.2 and the advisory committee note to Circuit Rule 27-14 about whether the custodian of the exhibits pending appeal should be the district court clerk or the parties, it has been the longstanding practice of this Court to require the parties to retrieve exhibits following trial. This practice is codified in LRCiv 79.1(a) and (c) and is contemplated by the advisory committee note to Circuit Rule 27-14. *See also Bus. Forms Finishing Serv., Inc. v. Carson*, 463 F.2d 966, 967 (7th Cir. 1971) (citing, with approval, a local rule that required the parties to retain exhibits pending appeal); S.D. Cal. LR 79.1(d) ("[E]very exhibit marked for identification or introduced in evidence and all depositions and transcripts must be returned to the party who produced them at the conclusion of the trial or hearing. It will be counsel's responsibility to produce any and all exhibits for the court of appeals, when requested by that court, if an appeal is taken . . . ."); D. Mass. LR 79.1(a)(1) ("[A]ll exhibits marked in evidence or for identification shall remain in the custody of the party that introduced them. Exhibits shall be preserved in the form in which they were offered until the proceeding is finally concluded.").

Thus, the Court will stick with the approach it announced in its earlier orders in this case and require the parties to retrieve their exhibits. The Court will also give the parties a final two-week extension, until August 27, 2019, to complete the retrieval.

…

…

…

…

Accordingly, **IT IS ORDERED** that:

(1) Father's "Emergency Motion to Transmit Exhibits to the 9th Circuit Court of Appeals" (Doc. 84) is **denied**; and

(2) The parties' marked and/or admitted exhibits will be destroyed by the Clerk of Court on **August 27, 2019**, unless the parties pick up the exhibits before August 27, 2019.

Dated this 13th day of August, 2019.

Dominic W. Lanza
United States District Judge