**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Abraham Farr, | No. CV-19-08127-PCT-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Bonnie Jeanene Kendrick, | |
| Respondent. | |

Pending before the Court is a motion to redact transcripts (Doc. 92) filed by Petitioner Michael Abraham Farr ("Father"). For the following reasons, the motion will be denied without prejudice.

## BACKGROUND

In April 2019, Father initiated this case by filing a petition under the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.*, which implements the provisions of the Hague Convention on the Civil Aspects of International Child Abduction ("the Convention"). (Doc. 1.) In the petition, Father, who is proceeding *pro se*, sought an order compelling his ex-wife, Bonnie Jeanene Kendrick ("Mother"), to return the couple's minor children E.G.F. and E.C.F. to Mexico.

The case culminated in a three-day evidentiary hearing held on June 12-14, 2019. During the hearing, the parties repeatedly referred to E.G.F. and E.C.F. (as well as to another shared child, K.M.K.F.) by their complete names rather than by their initials. As a result, the Court provided the following instruction to the parties:

> Throughout the morning proceedings there have been references to the minor children by their names. That's understandable. It's very difficult and seems sort of clinical to keep referring to them by their initials. I'd simply note that if and when a transcript is prepared in this case, each time the children are referred to by their names rather than initials, the party ordering the transcript will need to go through line by line and alert the court reporter on where that information needs to be redacted. So given that, it may be you want to keep referring to them by their names, but just recognize that every time you're doing that, you're buying yourself a lot of work on the back end in terms of how the transcript is going to look. I just want to make everybody aware of that.

(Doc. 80 at 122.)

On June 21, 2019, the Court issued an order denying Father's petition. (Doc. 72.)

On June 28, 2019, Father filed a notice of appeal (Doc. 76) and placed an order with the court reporter for the transcripts from each day of the evidentiary hearing (Doc. 77).

On July 12, 2019, the court report provided the transcripts to Father by filing a "Notice of Filing of Official Transcript." (Docs. 80, 81, 82.) Each notice specified that any "Redaction Request" was due by August 2, 2019 and that the transcripts would be released to the public on October 10, 2019. (*Id.*)

No redaction request was filed by August 2, 2019.

On September 3, 2019, Father filed a "motion to redact transcripts." (Doc. 92.) It requests "that the names of my minor children, K.M.K.F., E.G.F., and E.C.F. be redacted from the electronic transcript. I understand the timeframe to request such redaction with the court reporter has expired. As a pro se litigant my knowledge of this procedure and timeline that accompanies it was very limited. Good cause exists for the Court to grant this motion to protect the identity of the minor children." (*Id.* at 1.)

## DISCUSSION

Father's request is governed by section 330.10.10(e) of Volume 10 of the Guide to the Judiciary Policy, which provides that "[a] party is to submit to the court reporter or transcriber, within 21 calendar days of the transcript's delivery to the clerk, or longer if a court so orders, a statement indicating where the personal data identifiers to be redacted

appear in the transcript. The court reporter or transcriber must redact the identifiers as directed by the party."

As an initial matter, although Father's request is untimely—he was required, under both the notices (Docs. 80, 81, 82) and section 330.10.10(e), to submit any redaction request within 21 days of when the transcript was initially provided to him (*i.e.,* by August 2, 2019)—the Court has discretion to extend this deadline. The Court will do so here because minors' names should not appear in the public docket. Instead, they should only be identified by their initials. *Cf.* Fed. R. Civ. P. 5.2(a)(3) ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor, . . . a party or nonparty making the filing may include only . . . the minor's initials . . . .").

As for the substance of Father's request, he asks the court reporter to go through three lengthy transcripts, identify each instance where a minor is identified by name, and then replace that reference with the minor's initials. This request is impermissible. The burden is on the party requesting the redaction to identify each instance where a personal identifier appears in the transcript. This is not the court reporter's job. *See also* Guide To Judiciary Policy, Vol. 5, § 510.25.20(a) ("The parties have the responsibility to review the transcripts and request redactions, if necessary . . . ."); *id.* § 510.25.20(b)(2) ("Court reporters and transcribers do not have the responsibility . . . [t]o notify the parties of material that should be redacted.").

Accordingly, **IT IS ORDERED** that Father's motion to redact (Doc. 92) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the Court will *sua sponte* extend, from August 2, 2019 to **October 4, 2019**, the deadline for redaction requests. Father may submit another redaction request on or before the new deadline that precisely identifies, by page and line number, each instance where a minor is identified by name and specifies the initials that should be used to replace the minor's name.

**IT IS FURTHER ORDERED** that the Court will also *sua sponte* extend, from

October 10, 2019 to **November 8, 2019**, the date on which the transcripts will be released to the public.  This extension is necessary so the court reporter will have enough time to implement any future redaction request submitted by Father.

Dated this 23rd day of September, 2019.

_____
Dominic W. Lanza
United States District Judge